**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

IMMANUEL LEE,

    Plaintiff,

vs.

PNC BANK, N.A.

    Defendant.

Case No. 1:17-cv-67

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On March 3, 2016, the Court Ordered Plaintiff to show cause, in writing, within **TWENTY (20) DAYS**, why Defendant's motion to dismiss (Doc. 4) should be construed as unopposed and granted for the reasons stated therein. (Doc. 7). To date, Plaintiff has not filed a response in opposition to Defendant's motion to dismiss nor has he responded to the pending Show Cause Order.

Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case pursuant to Fed.R.Civ.P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir.1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). *See also Jourdan*, 951 F.2d at 109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's case be **DISMISSED** for want of prosecution and for failure to obey a Court Order; and that this case be **CLOSED.**

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IMMANUEL LEE,

    Plaintiff,

vs.

PNC BANK, N.A.

    Defendant.

Case No. 1:17-cv-67

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).